GOODWIN, Circuit Judge,
dissenting:
While the evidence of aggravated criminal exploitation of the victim here would support an upward departure from the Sentencing Guidelines, I cannot agree with the majority that there is clear and convincing evidence in the record upon which the district court could find that Fitch committed pre-meditated murder in connection with the fraud charged. See United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir.2009) (en banc) (factual findings are clearly erroneous when they are “without ‘support in inferences that may be drawn from the facts in the record,’ ” quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 577, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). I would therefore remand this case for resentencing. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc) (holding that it would be procedural error for a court “to choose a sentence based on clearly erroneous facts”).
*800 Despite the advisory nature of the Sentencing Guidelines, the expanding volume of appeals from federal criminal sentences cautions us not to affirm a significant upward departure from them simply because the defendant deserves it. See United States v. Staten, 466 F.3d 708, 710 (9th Cir.2006) (“[A]s we have repeatedly held in the aftermath of Booker, we continue to have a duty to review district courts’ required application of the Guidelines. We do so to assure that the district courts properly appreciate the advice offered by the now-advisory Guidelines before factoring that advice into their determination, under 18 U.S.C. § 3553(a), of the appropriate sentence.”). A sentencing order giving consideration to the willful and systematic exploitation of the victim’s personal possessions, her absence, and her helplessness could support a significant departure from the Guidelines range — whether she is dead or alive. See U.S.S.G. § 5K2.0. (stating that an upward departure is warranted where “there exists an aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines”). There is sufficient evidence of Fitch’s involvement with Bozi’s disappearance to support such a departure from the initial Guidelines calculation.
The district court, however, increased Fitch’s sentence by seventeen years under § 5K2.1 based on a finding of premeditated murder. Due to the severity of the increase, this finding must be based on clear and convincing evidence. See United States v. Treadwell, 593 F.3d 990, 1000 (9th Cir.2010) (“[W]here a severe sentencing enhancement is imposed on the basis of uncharged or acquitted conduct, due process may require clear and convincing evidence of that conduct.”). Section 5K2.1 states that “a substantial increase may be appropriate if the death was intended or knowingly risked or if the underlying offense was one for which base offense levels do not reflect an allowance for the risk of personal injury, such as fraud.” While the district court stated there was clear and convincing evidence to support the application of this section, it cited no evidence that Bozi was dead, much less how she died, or, assuming that Bozi was dead because of the elapsed time since she was last known to be alive, the degree of Fitch’s involvement in her disappearance.
The sentencing court could only assume that Bozi was dead from the circumstances of her unexplained disappearance. Indeed, her death was not a necessary predicate to the fraud committed. Yet “[t]he extent of the [sentence] increase should depend on the dangerousness of the defendant’s conduct, the extent to which death or serious injury was intended or knowingly risked, and the extent to which the offense level for the offense of conviction ... already reflects the risk of personal injury.” U.S.S.G. § 5K2.1. The district court could not evaluate the dangerousness of Fitch’s conduct or the extent to which Bozi’s presumed death was intended or knowingly risked because the record is silent on these factors.
We simply do not know any of the circumstances of Bozi’s disappearance. We know that she has disappeared and that Fitch immediately exploited her disappearance for his own benefit. While Fitch may indeed have been played a causative, or a concealing, role in Bozi’s disappearance, the record contains no evidence that sheds light on the manner of his involvement or the degree of his involvement. There is certainly no clear and convincing evidence of premeditated murder. The district court’s finding is simply not supported by the record. The substantial departure applied pursuant to § 5K2.1 was therefore an *801 abuse of discretion. Accordingly, I respectfully dissent.